IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

JOSE HELBERT MERCHAN-CORTES      §

v.      §      CIVIL ACTION NO. 5:22cv155

WARDEN, FCI-TEXARKANA      §

<u>REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>

The Petitioner Jose Merchan-Cortes filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Application for Habeas Corpus Relief**

Petitioner has filed a separate habeas petition challenging his status for release at the two-thirds point of his sentence, which he claims was denied based upon his immigration status.  In the present case, Petitioner says that he is raising a claim of statutory interpretation.

According to Petitioner, he has accumulated four years of earned time credits under the First Step Act, which would make him eligible for immediate release because he has already served eight years of a 12-year sentence. He says that he has been told that he will not receive this earned time credit because he is an immigrant, even though the First Step Act does not specifically exclude immigrants. Petitioner acknowledges that immigrant inmates with a final order of deportation are not eligible for these time credits, but he states that he does not have such an order.

Petitioner has filed a motion to amend or correct his petition (Dkt. No. 5). In this motion, he states that "due to recent case law, the FBOP has given Petitioner his FSA credits earned which

1

would in essence make his § 2241 moot.  Also, because the FSA credits earned have been given to Petitioner, exhaustion is unnecessary."

Plaintiff then states that he wishes to add a question of statutory interpretation to his petition. The question he poses is "will an immigrant who has earned First Step Act credits before a final order of deportation will not be able to have those earned credits applied to prerelease custody in light of the First Step Act of 2018, § 3632(d)(4)(A), § 3632(d)(4)(A)(I), § 3632(d)(4)(A)(ii), § 3632 (d)(4)(C)?"

In posing this question, Petitioner again says that there is no dispute that he is eligible for First Step Act credits and about the amount of credits earned. He contends that the staff at FCI-Texarkana have made clear that they intend to revoke, withhold, or take back any First Step Act credits earned by an inmate who received a final order of deportation. However, Petitioner argues that the First Step Act says that earned credits "shall" be applied toward pre-release custody, and so this should mean that any credits earned prior to receiving a final order of deportation must be applied. Petitioner says that he cannot seek an administrative remedy on this issue because he has not had any earned time revoked, but notes that the prison staff has begun withholding credits for inmates with sufficient time to be released because the staff has been allegedly informed that a final order of deportation will soon follow or is pending.

## II. Discussion

As Petitioner acknowledges, he has now received all of the earned time credits under the First Step Act to which he is entitled.  As a result, his petition for habeas corpus relief is moot.  *See Guzman-Contreras v. Martinez*, civil action no. 2:23cv1221, 2923 U.S. Dist. LEXIS 234249, 2023 WL 9423311 (W.D.La., December 28, 2023), *report adopted at* 2024 U.S. Dist. LEXIS 14548, 2024 WL 314043 (W.D.La., January 26, 2024) (habeas petition complaining that prisoner was denied First Step Act time credits despite not having a final order of deportation was moot where prisoner had received his time credits under the Act).

Although Petitioner asks that the Court resolve the question of whether an inmate with a final order of deportation would get to keep time credits earned prior to that order, his pleadings make clear that this is not his situation because he himself does not have a final order of deportation.  To the extent his petition raises this claim, it is premature. *See Princeton University v. Schmid*, 455 U.S. 100, 102 (1982) (federal courts do not sit to decide hypothetical issues or give advisory opinions as to matters as to which there are not adverse parties before the court); *cf. Watkins v. Garrett*, 476 F.App'x 430, 432 (5th Cir. 2012) (claim that a prison incident report could affect prisoner's future custodial classification if his supervised release were to be revoked was moot because it was speculative and hypothetical).  The Court thus declines to consider this premature and presently hypothetical claim. *See, e.g., Pressley v. Wainwright*, 540 F.2d 818, 821 n.9 (5th Cir. 1976) (federal courts refuse to consider controversies of a non-concrete or hypothetical nature).

<u>RECOMMENDATION</u>

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 8th day of July, 2024.


_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

4